IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


ROSEMARY REPLOGLE                                              PLAINTIFF

v.                                      CIVIL ACTION NO. 3:11-CV-83-KS-MTP

SHORELINE TRANSPORTATION
OF ALABAMA, LLC, et al.                                       DEFENDANTS


## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [19] of Defendant Shoreline Transportation of Alabama USA, Inc. ("STA Inc."). This Court lacks personal jurisdiction over STA Inc. Therefore, Plaintiff's claims against it are dismissed without prejudice.

## I. BACKGROUND

This case arises from an automobile accident on I-55 in McComb, Mississippi. Traffic on the interstate had stopped because of an unrelated accident. David Replogle's vehicle was directly behind a tractor-trailer owned by Defendant D&G Transportation, Inc., while a pickup truck owned and driven by a third party was directly behind Replogle. Kenneth L. Boudreaux, while driving a tractor-trailer in the course and scope of his employment by Defendant Shoreline Transportation of Alabama, LLC ("STA LLC"), collided with the pickup truck directly behind Replogle. The pickup struck the rear of Replogle's vehicle and pinned it under D&G's tractor-trailer in front of him. Replogle's vehicle subsequently exploded, and Replogle died.

Plaintiff initiated the present wrongful death action, naming STA Inc. as a

Defendant. STA Inc. is the parent corporation of STA LLC, which employed Boudreaux and owned his tractor-trailer at the time of the accident. STA Inc. filed a motion for summary judgment on the basis that this Court does not have personal jurisdiction over it.

## II. DISCUSSION

The party seeking to invoke this Court's jurisdiction bears the burden of establishing it. *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). When the Court "rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie case that jurisdiction is proper." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). The Court is not limited to consideration of only the allegations in the plaintiff's complaint, but "all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A "federal court sitting in diversity may exercise personal jurisdiction over a non-resident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

First, Mississippi's long-arm statute provides:

> Any . . . foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part

2

> by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57.

Second, "[t]o satisfy the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Mullins*, 564 F.3d at 398. "Jurisdiction may be general or specific, depending on the nature of the defendant's forum-related contacts." *Jackson v. Tanfoglio Giuseppe S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). "Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The Court "applies a three-step analysis to determine specific jurisdiction: (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Jackson*, 615 F.3d at 585.

The parties agree that the Court's resolution of the both the long-arm statute and due process analyses depends on a single issue: whether Defendant STA Inc. is

3

subject to personal jurisdiction in the state of Mississippi by virtue of the activities of its subsidiary corporation, STA LLC. "Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). "Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). A plaintiff may overcome this presumption of independence by making a prima facie showing of "one corporation asserting sufficient control to make the other its agent or alter ego." *Dickson*, 179 F.3d at 338. The Fifth Circuit has provided a list of factors to be considered when making this determination:

> (1) the parent and the subsidiary have common stock ownership; (2) the parent and subsidiary have common directors or officers; (3) the parent and the subsidiary have common business departments; (4) the parent and subsidiary file consolidated financial statements and tax returns; (5) the parent finances the subsidiary; (6) the parent caused the incorporation of the subsidiary; (7) the subsidiary operates with grossly inadequate capital; (8) the parent pays the salaries and other expenses of the subsidiary; (9) the subsidiary receives no business except that given to it by the parent; (10) the parent uses the subsidiary's property as its own; (11) the daily operations of the two corporations are not kept separate; and (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 208-09 (5th Cir. 1996); *see also Hargrave*, 710 F.2d at 1160.

STA Inc. is the single-member owner of STA LLC. The corporations share a

4

headquarters and office space at 100 Pleasant Hill Court, Greenville, Alabama, and they have the same registered agent for service of process. STA Inc. has a single employee – William Gremillion – who is its president, sole officer, and sole shareholder. Gremillion is also the manager of STA LLC, which has approximately 200 employees. He exercises complete control over STA LLC's daily operations.

STA Inc. has no daily operations or business activities. It conducts no transportation-related business activities or advertising, and it has not applied for any relevant federal motor carrier licensing. STA Inc. does not even have a phone number or general liability insurance policy. There is no evidence that STA Inc. has any involvement in STA LLC's daily business operations, or that it has ever shared any assets, employees, or equipment with STA LLC. Further, STA Inc. has never been involved in STA LLC's hiring decisions.

STA Inc. does not maintain a business checking account, but STA LLC maintains its own account. STA Inc. does not maintain any books or financial records, but STA LLC maintains its own financial records. They file separate tax returns, and while the corporations utilize the same CPA firm, STA LLC also employs its own bookkeeper. Both corporations retain the same attorney.

Based on the above facts, the Court finds that Plaintiff has failed to demonstrate that Defendant STA Inc. exerts sufficient control over the operations of Defendant STA LLC to consider the two corporations as one for jurisdictional purposes. The evidence demonstrates that STA Inc. is merely a holding company which conducts no business of any kind. "[T]he corporate separation, though perhaps merely formal, [is] real. It [is]

not pure fiction." *Hargrave*, 710 F.2d at 1160. The corporations observe separate corporate formalities, maintain separate accounting records, and file separate tax returns. They do not share assets, equipment, or employees. They do not do business with one another. While they share a corporate headquarters and have a common officer, that is insufficient to prove an alter-ego relationship. There must be "proof of control by the parent over the internal business operations and affairs of the subsidiary . . . ." *Hargrave*, 710 F.2d at 1160; *see also Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773 (5th Cir. 1988). Plaintiff has failed to present any such proof. Therefore, the Court finds that STA Inc. is not subject to the jurisdiction of this Court because of the activities of its subsidiary corporation, STA LLC.

### III. CONCLUSION

For the reasons stated above, the Court **grants** the Motion for Summary Judgment [19] filed by Defendant Shoreline Transportation of Alabama USA, Inc. Plaintiff's claims against Shoreline Transportation of Alabama USA, Inc. are dismissed without prejudice.

SO ORDERED AND ADJUDGED this 4th day of October, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE