IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROSEMARY REPLOGLE**                                                                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:11-CV-83-KS-MTP**

**SHORELINE TRANSPORTATION
OF ALABAMA, LLC, et al.**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [47] filed by Defendant Xtra Lease, LLC.

### I. BACKGROUND

On October 26, 2010, an accident stopped traffic on I-55 near McComb, Mississippi. David Replogle sat in his vehicle, waiting behind a tractor-trailer owned by Defendant D&G Transportation, Inc. A pickup truck owned and operated by a third party sat directly behind him. As Replogle waited, a tractor-trailer operated by Kenneth L. Boudreaux collided with the pickup truck behind him. The truck struck the rear of Replogle's vehicle and pinned it under D&G's tractor-trailer. Replogle's vehicle exploded, and he died.

Boudreaux was employed by Defendant Shoreline Transportation of Alabama, LLC, and Shoreline owned his truck. Boudreaux was hauling a trailer that Shoreline had leased from Defendant Xtra Lease, LLC. Plaintiffs named Shoreline, Xtra Lease, and D&G as Defendants in this wrongful death suit. Xtra Lease filed a Motion for Summary Judgment [47], arguing that it can not be vicariously liable for Boudreaux's

actions based on its leasing a trailer to his employer, and that the Graves Amendment[1] precludes Plaintiffs' claims against it. Plaintiffs invoked Rule 56(d), and the Court deferred consideration of the motion until the parties had conducted discovery. The motion is now fully briefed and ready for review.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not

---

[1] 49 U.S.C. § 30106.

adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

It is undisputed that Xtra Lease is not vicariously liable for Boudreaux's actions. The record contains no evidence that Boudreaux was Xtra Lease's employee, agent, or partner, or that they were engaged in a joint venture. If Xtra Lease has any liability for Replogle's death, it must arise from its own actions. Plaintiffs argue that Xtra Lease committed independent acts of negligence, including the negligent entrustment of its trailer to Shoreline and Boudreaux. The parties discussed several issues related to these allegations, but it is only necessary for the Court to address one of them: Plaintiffs' failure to present any evidence that Xtra Lease's allegedly negligent actions caused or contributed to the subject accident or David Replogle's death. *See Caves v. Yarbrough*, 991 So. 2d 142, 147 (Miss. 2008) (". . . absent any damage or harm proximately caused by the breach, there is no tort and the breach is not actionable.").

To prove a claim of negligent entrustment, a plaintiff must prove that the instrument entrusted to the third party by the defendant caused the harm of which the plaintiff complains. *See Sligh v. First Nat'l Bank of Holmes Cnty.*, 735 So. 2d 963 (Miss. 1999) (citing RESTATEMENT (SECOND) OF TORTS § 390 (1965)); *Bullock Bros. Trucking Co. v. Carley*, 930 So. 2d 1259, 1261-62 (Miss. Ct. App. 2005). Even the simplest negligence claim requires proof that the defendant's breach of duty caused the plaintiff's damages. *McKee v. Bowers Window & Door Co.*, 64 So. 3d 926, 940 (Miss. 2011). Plaintiffs failed to present any evidence that Xtra Lease's actions or the trailer itself caused or contributed to the subject accident or David Replogle's death. Without

evidence of a causal connection, Plaintiff's clams against Xtra Lease fail.

### III. CONCLUSION

For these reasons, the Court **grants** the Motion for Summary Judgment [47] filed by Defendant Xtra Lease, LLC.

SO ORDERED AND ADJUDGED this 20th day of March, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE