IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROSEMARY REPLOGLE**                                                   **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 3:11-CV-83-KS-MTP**

**SHORELINE TRANSPORTATION
OF ALABAMA, LLC, et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion for Partial Summary Judgment [121].

### I. BACKGROUND

This wrongful death case arises from an automobile pile-up that occurred on October 26, 2010, in the lefthand lane of the northbound side of I-55 near McComb, Mississippi. Four vehicles were involved. The first vehicle in the pile-up was a tractor-trailer owned by Defendant D&G Transportation, Inc. Behind D&G's tractor-trailer was an SUV operated by the decedent, David Replogle. Next came a pickup operated by a third party, Billy Jo Magee, and a tractor-trailer owned by Shoreline Transportation of Alabama, LLC, and operated by Kenneth L. Boudreaux brought up the rear.

It is undisputed that the D&G tractor-trailer and the Replogle SUV were in the lefthand lane immediately prior to and during the accident. It is also undisputed that the Shoreline tractor-trailer moved from the righthand lane to the lefthand lane at some point immediately prior to the accident. But the parties differ on other material

facts.

Plaintiff contends that the Shoreline tractor-trailer failed to slow down enough to timely stop, and then swerved into the lefthand lane without first checking if it was occupied. She claims that the Shoreline tractor-trailer collided with the Magee pickup, which then hit the decedent's SUV and pushed it underneath the D&G trailer.

Shoreline's version of the facts is different. Shoreline contends that its driver slowed down enough to timely stop, and that the lefthand lane was clear when he moved into it. They claim that the Magee pickup swerved over into the lefthand lane in front of him. They also claim that the decedent had already collided with the D&G vehicle prior to their tractor-trailer colliding with Magee.

It is undisputed that Boudreaux was an employee of Shoreline, that he was acting within the course and scope of his employment, and that Shoreline is vicariously liable for his actions. The Court now considers Plaintiff's Motion for Summary Judgment [121] as to Shoreline's liability. Plaintiff argues that Boudreaux was the sole proximate cause of Replogle's death.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation

omitted). The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Plaintiff provided substantial evidence indicating that Boudreaux's negligence caused the accident. Plaintiff's accident reconstruction expert, John M. Bentley, provided the following opinions: (1) Boudreaux had a significant line of sight on approach to the scene of the accident; (2) Boudreaux's vehicle was traveling in excess of 64.5 mph as it approached the scene; (3) Boudreaux's vehicle was traveling in excess of 40 mph when it struck the pickup directly behind Replogle; (4) Boudreaux failed to maintain a proper lookout and control his vehicle; and (5) had Boudreaux utilized the time and sight distance available on approach to safely reduce speed and stop, the accident could have been avoided. Bentley examined the scene of the accident and Boudreaux's truck. He considered photographs from the accident scene, the Uniform Crash Report, deposition transcripts, and a variety of discovery materials. He also prepared a kinetic energy and momentum analysis of the collision. In addition to Bentley's analysis, Plaintiff introduced eyewitness testimony indicating that Boudreaux caused the accident.

3

Boudreaux, however, denies that he caused the accident. He testified that he saw traffic slowing when he was approximately a quarter to half mile away from the scene of the accident. He allegedly shifted down, and then applied the brakes while he was still in the right lane. He denies that he swerved into the lefthand lane. Rather, he claims (1) that there was plenty of room there for him to stop, (2) that there were six to eight car lengths between his tractor-trailer and the Replogle vehicle when he changed lanes, and (3) that his speed was approximately 15-20 mph when he hit Magee. According to Boudreaux, Magee swerved in front of him, and Replogle had already collided with the D&G trailer at that point. Boudreaux claims that he saw the D&G driver walking to the back of his trailer with a fire extinguisher prior to the collision with Magee.

Plaintiff argues that the Court should disregard Boudreaux's testimony because it is "self-serving." But that is not grounds to exclude otherwise admissible testimony from consideration. *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.*, 453 F. App'x 439, 443 (5th Cir. 2011). "If all 'self-serving' testimony were excluded from trials, they would be short indeed." *Id.* Plaintiff also argues that Boudreaux's testimony is not credible, noting that he failed to mention that Replogle had already hit the D&G trailer in prior depositions and statements. Of course, credibility determinations are for the jury. *Deville*, 567 F.3d at 164.

Plaintiff also notes Shoreline's failure to designate an accident reconstruction expert. But expert testimony is not necessarily required to prove or disprove the alleged cause of an automobile accident. *Walker v. Smitty's Supply, Inc.*, 2008 U.S.

4

Dist. LEXIS 37949, at *13-*14 (S.D. Miss. May 8, 2008); *Barnett v. East Side Jersey Dairy, Inc.*, 2011 U.S. Dist. LEXIS 142783, at *4-*5 (N.D. Miss. Dec. 12, 2011). The Court has previously noted:

> The general rule in Mississippi is that expert testimony is not required where the facts surrounding the alleged negligence are easily comprehensible to a jury. While it may very well be true that determinations as to how accidents occur involve scientific calculations based on the law of physics and that an expert can be helpful to the jury in making its determinations as to speeds, this Court is not prepared to hold that expert testimony is required in this case in order for the jury to conclude that [a defendant's] alleged failure to reduce his speed as he approached the intersection was the proximate cause of the decedents' injuries and deaths. The Court is unaware of any Mississippi case which holds that an expert is required in such a situation. Moreover, in all of the most recent cases in which the failure to slow while approaching or crossing an intersection as required by § 63-3-505 is at issue, no mention was ever made of an expert testifying as to proximate cause – much less one being necessary to prove the same.

*Walker*, 2008 U.S. Dist. LEXIS 37949 at *13-*14 (citations and punctuation omitted). The sequence of events leading to the subject accident are easily comprehensible to a jury. Expert testimony – while helpful and probative – is not required to make or break Plaintiff's case.

### III. CONCLUSION

In summary, the Court does not disagree with Plaintiff's observation that the evidence tilts in her favor. But Shoreline presented relevant and admissible evidence that its employee was not the sole proximate cause of the accident, creating genuine disputes of material fact. Boudreaux's testimony – though it may be incredible and contrary to the weight of the evidence – creates a genuine dispute of material fact. For this reason, the Court **denies** Plaintiff's Motion for Partial Summary Judgment [121].

SO ORDERED AND ADJUDGED this 5th day of June, 2013.

                                  *s/Keith Starrett*
                                  UNITED STATES DISTRICT JUDGE